UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PAMELA G. YATES,
Plaintiff,
v.
MICHAEL J. ASTRUE, Commissioner of Social Security,
Defendant.

Case No. CV 11-9023 JC

MEMORANDUM OPINION AND ORDER OF REMAND

## I. SUMMARY

On November 7, 2011, plaintiff Pamela G. Yates ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; November 14, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to evaluate plaintiff's credibility and the Court cannot find that the ALJ's error was harmless.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 15, 2008, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 12, 112). Plaintiff asserted that she became disabled on April 9, 2008, due to a fractured lower back and a degenerative disc and bulging disc. (AR 135). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on August 24, 2010. (AR 24-48).

On August 27, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-19). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: severe degenerative disc disease at L4-L5 with mild L4-L5 radiculopathy affecting the left lower extremity (AR 14); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 15-16); (3) plaintiff retained the residual functional capacity to perform the full range of medium work (20 C.F.R. § 404.1567(c) (AR 16); (4) plaintiff could perform her past relevant work as a private secretary/secretary (AR 18); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 16).

The Appeals Council denied plaintiff's application for review. (AR 1).

///

///

///

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

///

///

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B. Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed properly to evaluate the credibility of her subjective complaints. (Plaintiff's Motion at 9-16). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### 1. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

///

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

**2. Analysis**

Here, plaintiff testified that she was unable to work essentially because (1) she experienced constant back pain and numbness in her left leg as a result of her injuries from when she was struck by an automobile in April 2008; (2) she had difficulty sitting or standing for any length of time; and (3) she needed to lay down six or more times a day, for 30 minutes at a time to relieve her pain. (AR 16, 37-41). The ALJ provided several reasons for discounting the credibility of plaintiff's subjective symptom testimony. The Court finds none of them to be clear and convincing.

First, the ALJ discounted the alleged severity of plaintiff's subjective complaints based upon alleged inconsistencies in plaintiff's statements. (AR 16-17). For example, the ALJ asserted that although "a report dated April 10, 2010 [sic] reflect [sic] that [plaintiff] was under a lot of stress at work, and she was thinking about filing a Workers' Compensation claim alleging that the headaches she had been experiencing were work-related," plaintiff had not included headaches in her Social Security claim. (AR 16-17) (citing Exhibit 2F at 45 [AR 289]). Preliminarily, although the report the ALJ cited (which was actually dated April 10, 2008) reflects that plaintiff felt her migraine headache was work-related,

it does not reflect that plaintiff herself had been contemplating filing a workers' compensation claim for headaches. To the contrary, the treating physician suggested that plaintiff should contact her employer about filing such a claim.[1] (AR 289). The ALJ's incorrect characterization of the medical evidence calls into question the validity of both the ALJ's evaluation of plaintiff's credibility and the ALJ's decision as a whole. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); see also Valenzuela v. Astrue, 2007 WL 2693679 *1 (9th Cir. Sept. 10, 2007) (unpublished opinion) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony);[2] Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error). Moreover, the April 10, 2008 report reflects that plaintiff was prescribed, *inter alia*, Imitrex and Vicodin, and that her headache had, in any event, been "resolved" by the time plaintiff left the doctor's office. (AR 289). The Court cannot reasonably infer that plaintiff's complaints of back pain lack credibility simply because plaintiff did not allege migraine headaches as an impairment in her Social Security application submitted eight months later (*i.e.*, December 15, 2008). Cf. Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (evidence that claimant "responded favorably to conservative treatment" undermines plaintiff's reports of disabling pain).

---

[1]The physician stated in the April 10, 2008 report "[Plaintiff] was advised I can treat her current headache but she probably needs to go to her employer and indicate to them that she is a workman comp [sic] injury and requires [sic] to see [sic] a workmen comp [sic] doctor." (AR 289).

[2]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

In addition, the ALJ discredited plaintiff's allegations because when she was treated at Hoag Hospital emergency room after her accident on April 13, 2008, plaintiff reported only right knee and left elbow pain, but x-rays of plaintiff's right leg at that time were negative, and on April 16, 2008, plaintiff told a doctor at the Riverside Medical Clinic that she had "a lot more pain in her hips and back." (AR 17) (citing Exhibit 1F at 7, 16 [AR 228, 237]; Exhibit 6F at 10 [AR 382]). Nonetheless, evidence that three days after being hit by a car plaintiff sought additional treatment at a local medical clinic for back and hip pain does not, as the ALJ suggested, reasonably "raise suspicion" about plaintiff's credibility. (AR 16-17).

Second, to the extent the ALJ discounted plaintiff's credibility based on the conclusory statement by a consultative examining physician that plaintiff "did display Waddell's sign," the ALJ has not presented a convincing rationale for doing so. See, e.g., Barrios v. Astrue, 2009 WL 413128, *4 (C.D. Cal. Feb. 17, 2009) (Commissioner conceding Waddell's signs "do not signify malingering") (citation omitted).

Third, the ALJ suggested that plaintiff was not fully credible because physical therapy had helped to reduce plaintiff's symptoms. (AR 17); see Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may properly consider plaintiff's failure to "seek treatment or to follow a prescribed course of treatment" in assessing credibility). As the ALJ acknowledged, however, plaintiff testified that she was unable to afford such treatment. (AR 17) (citing AR 38-39). An ALJ may not reject symptom testimony where, like here, a claimant provides "evidence of a good reason for not [seeking treatment]." Smolen, 80 F.3d at 1284 (citations omitted).

///

///

///

Fourth, the ALJ noted that, at the hearing plaintiff "did not move around very much and she appeared to be sitting comfortably although the hearing lasted more than an hour." (AR 17). However, the ALJ was not permitted to discredit plaintiff based on the absence of the manifestation of external symptoms. See, e.g., Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on observations of claimant proper where ALJ pointed to plaintiff's affirmative exhibition of symptoms which were inconsistent with both medical evidence and plaintiff's other behavior but did not point to the absence of the manifestation of external symptoms to discredit plaintiff, referring to the latter as disapproved "sit and squirm" jurisprudence).

Finally, the ALJ also discounted plaintiff's credibility because the objective medical evidence does not support plaintiff's subjective complaints. (AR 16-18). As detailed above, the ALJ did not provide any other valid reason for discounting plaintiff's credibility. Lack of objective medical evidence to support subjective symptom allegations alone is not sufficient to discount a claimant's credibility. See Burch, 400 F.3d at 681.

The Court cannot conclude that the above errors were harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56. Therefore, remand is warranted for the ALJ to reassess plaintiff's credibility.

///

///

///

///

///

///

///

## V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 3, 2012

/s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).